

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MODAVOX, INC., ) | NO. CV 08-05914 SJO (PJWx) |
| ) | |
| Plaintiff, ) | **ORDER GRANTING DEFENDANTS'** |
| ) | **MOTION TO TRANSFER ACTION TO U.S.** |
| v. ) | **DISTRICT COURT FOR SOUTHERN** |
| ) | **DISTRICT OF NEW YORK** |
| ) | [Docket No. 21] |
| AOL LLC, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendants AOL LCC ("AOL"), Time Warner, Inc. ("Time Warner"), and Platform-A, Inc.'s ("Platform-A") (collectively, "Defendants") Motion to Transfer Action to U.S. District Court for Southern District of New York, filed March 2, 2009. Plaintiff Modavox, Inc. ("Modavox") filed an Opposition, to which Defendants replied. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for April 13, 2009. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court GRANTS Defendants' Motion.

I.    BACKGROUND

Modavox registered its "BOOMBOX RADIO" mark (the "Mark") with the United States Patent and Trademark Office ("USPTO") in June 1999. (*See* USPTO Reg. 2397385; Compl. ¶ 9.) In addition, Modavox is the assignee of record of the full rights to and title in U.S. Patent Numbers 6,594,691 ("'691 Patent") and 7,269,636 ("'636 Patent"). (*See* Gupta Decl. Ex. B ¶ 1.) The '691

1  Patent, titled "Method and system for adding function to a web page," was filed October 28, 1999
2  and issued July 15, 2003.  (*See* '691 Patent)  The '636 Patent, titled "Method and code module
3  for adding function to a web page," is a continuation of the '691 patent, and was filed July 1, 2003
4  and issued September 11, 2007 (*See* U.S. Patent No. 7,269,636).  The '636 Patent is a
5  continuation of the '691 Patent.  (*See* '636 Patent ("The present invention is a continuation of
6  "Method And System For Adding Function To A Web Page," . . . now U.S. Pat. No. 6,594,691").)
7  Further, both patents list the same two inventors, Charles P. McCollum and Andrew L. Burgess,
8  Jr., and the '636 Patent cites all the prior art references cited in the '691 Patent.  (*See* '636 Patent,
9  '691 Patent.)

10  In 2007, Modavox filed suit against Tacoda, Inc. ("Tacoda") in the Southern District of New
11  York (the "S.D.N.Y.") alleging infringement of the '636 and '691 Patents (the "S.D.N.Y. Action").[1]
12  (*See* Gupta Decl. ¶ 1, Exs. A, B, E.)  Modavox alleges that Tacoda makes, uses, sells, offers for
13  sale and/or induces others to use in the United States, methods and related devices by one or
14  more claims of the '691 Patent and '636 Patent.  (*See* Gupta Decl. Ex. B ¶¶ 10, 14.)  Tacoda is
15  a subsidiary of Platform-A, a subsidiary of AOL.  AOL is a wholly-owned subsidiary of AOL
16  Holdings LLC, which is a majority-owned subsidiary of TW AOL Holdings Inc., a wholly-owned
17  subsidiary of Time Warner.  (Gupta Decl. ¶¶ 4-5.)  Platform-A, AOL, and Time Warner are
18  Defendants in this action.  (*See* First Am. Compl. ("FAC").)  The S.D.N.Y. Action and litigation of
19  claim construction issues related to the '691 and '636 Patents are ongoing.  (*See* Gupta Decl. ¶
20  18, Ex. E.)  In February 2009, the S.D.N.Y. Court held a *Markman* hearing and in March 2009, the
21  S.D.N.Y. Court issued Markman Claim Construction Rulings concerning the '636 and '691 Patents.
22  (*See* Gupta Decl. ¶ 18, Exs. E, L; Gupta Reply Decl. Ex. A.)  The S.D.N.Y. Court concluded that
23  the purpose of the inventions in the '691 and '636 Patents is "to allow a party who creates a web
24  page to add some 'function' to that web page when it is downloaded by an end user."  (*See* Gupta
25  Reply Decl. Ex. A 2.)  Currently, the parties are directed to provide the S.D.N.Y. Court with

27  _____
28  [1]  *Modavox, Inc. v. Tacoda, Inc.*, No. 07-CV-7088, pending in the S.D.N.Y. before the Honorable
Colleen McMahon (the "S.D.N.Y. Court").  (*See* Gupta Decl. ¶ 1.)

1    extrinsic evidence to support a construction of the term "function" that is not precluded by the

2    intrinsic evidence.  (*See* Gupta Reply Decl. Ex. A 13.)

3            In September 2008, Modavox brought suit in the Central District of California, and in

4    January 2009 filed a FAC against Defendants, alleging: (1) trademark infringement of the Mark

5    against AOL under 15 U.S.C. § 1114, et seq.; (2) trademark infringement, unfair competition, and

6    false designation of origin against AOL under 15 U.S.C. § 1125(a); (3) patent infringement of U.S.

7    Patent '691 Patent against all Defendants; and (4) patent infringement of the '636 Patent against

8    all Defendants.  (*See* FAC ¶¶ 10-53.)

9            Defendants now move to transfer the action to the S.D.N.Y. pursuant to 28 U.S.C. §

10   1404(a), on the grounds that the parties are engaged in ongoing litigation in the S.D.N.Y. involving

11   the same patents-in-suit and the same technology at issue in the instant action.  (Defs.' Not. 1;

12   Gupta Decl.  ¶ 1, Exs. B, E.)

13   II.    DISCUSSION

14           A district court may transfer a civil case to any other district where it might have been

15   brought "for the convenience of parties and witnesses, in the interest of justice . . . ."  28 U.S.C.

16   § 1404(a).  In determining whether transfer is appropriate, the district court must "balance the

17   preference accorded to the plaintiff's choice of forum with the burden of litigating in an

18   inconvenient forum."  *Gherebi v. Bush*, 352 F.3d 1278, 1302 (9th Cir. 2003).  "The Court must

19   balance three general factors: (1) the convenience of the parties; (2) the convenience of the

20   witnesses; and (3) the interests of justice."  *Catch Curve, Inc. v. Venali, Inc.*, No. 05-4820, 2006

21   U.S. Dist. LEXIS 96379, at *3 (C.D. Cal. Feb. 27, 2006).  "The Court construes these factors

22   broadly to consider specific facts appropriate in a given case."  *Id.*  In analyzing the 'interests of

23   justice' prong, the Court may consider factors such as the state that is most familiar with the

24   governing law, the plaintiff's choice of forum, the respective parties' contacts with the forum, the

25   contacts relating to the plaintiff's cause of action in the chosen forum, the differences in the costs

26   of litigation in the two forums, the availability of compulsory process to compel attendance of

27   unwilling non-party witnesses, and the ease of access to sources of proof."  *Jones v. GNC*

28   *Franchising*, 211 F.3d 495, 498 (9th Cir. 2000).

1    Generally, "there is a strong presumption in favor of plaintiff's choice of forums."  *Gherebi*,

2    352 F.3d at 1303.  However, where the plaintiff lacks significant ties to the forum because the

3    operative facts giving rise to the litigation occurred elsewhere, the plaintiff's choice of forum is

4    given considerably less weight, even if the plaintiff is a resident of the forum.  *Knapp v. Wachovia*

5    *Corp.*, No. 07-4551, 2008 U.S. Dist. LEXIS 41000, at *5 (N.D. Cal. May.5, 2008).  Yet, "[t]ransfer

6    is inappropriate where it would merely shift rather than eliminate the inconvenience."  *Costco*

7    *Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1195 (S.D. Cal. 2007) (*citing*

8    *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).  Ultimately,

9    a motion for transfer pursuant to section 1404(a) lies within the discretion of the Court.  *See Jones*,

10   211 F.3d at 498.

11          A.    Where the Action Might Have Been Brought

12          "The district court shall have original jurisdiction of any civil action arising under any Act of

13   Congress relating to patents, plant variety protection, copyrights and trademarks."  28 U.S.C. §

14   1338(a).  "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may.

15   . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in

16   the same State. . . ."  28 U.S.C. § 1391(b)(1).  "For the purposes of venue. . . a defendant that is

17   a corporation shall be deemed to reside in any judicial district in which it is subject to personal

18   jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(c).

19          Here, because the present action alleges trademark and patent infringements, any United

20   States district court has federal subject matter jurisdiction under § 1338(a).  (*See* 28 U.S.C. §

21   1338(a); FAC ¶ 8.)  The S.D.N.Y. has personal jurisdiction over Defendants because Defendants

22   maintain their headquarters in New York.  (Defs.' Mem. P. & A. 8; Gupta Decl. ¶ 4.)  Pursuant to

23   28 U.S.C.1391(b)(1) and (c), venue in the S.D.N.Y. is proper because Time Warner and Platform-

24   A are subject to personal jurisdiction there, and AOL has its headquarters in New York.  (Gupta

25   Decl. ¶ 4).  Therefore, this action might have been brought in the S.D.N.Y.  *See* 28 U.S.C. §

26   1404(a).

27          B.    Convenience of the Parties

28

4

1    "In determining the convenience of the parties, the Court gives deference to the plaintiff's

2    choice of forum.  The plaintiff's choice is given less weight where the plaintiff is a nonresident or

3    the chosen forum lacks any significant contact with the activities giving rise to the litigation." *Catch*

4    *Curve, Inc.*, 2006 U.S. Dist. LEXIS 96379, at *5 (citing *Pac. Car & Foundry Co. v. Pence*, 403 F.2d

5    949, 954 (9th Cir. 1968)).  "[B]ecause § 1404(a) makes no reference to counsel, the convenience

6    of counsel is irrelevant." *Costco Wholesale Corp.*, 472 F. Supp. 2d at1195 (internal citations

7    omitted).  In addition, "[t]ransfer is inappropriate where it would merely shift rather than eliminate

8    the inconvenience." *Costco Wholesale Corp.*, 472 F. Supp. 2d at 1195

9    Here, none of the parties is a resident of California.  Modavox is a Delaware corporation

10   with its principal place of business in Arizona; Time Warner is a Delaware corporation with its

11   principal place of business and headquarters in New York; AOL is a Delaware limited liability

12   company with its principal place of business and headquarters in New York; and Platform-A is a

13   Delaware corporation headquartered in New York, with its principal place of business in Baltimore,

14   Maryland.  (*See* FAC ¶¶ 2-5; Gupta Decl. ¶ 4.)  Modavox argues that traveling to New York would

15   cause great inconvenience to it and its Los Angeles-based counsel in terms of costs.  (Pl.'s Opp'n

16   8-9.)  However, "because § 1404(a) makes no reference to counsel, the convenience of counsel

17   is irrelevant." *Costco Wholesale Corp.,* 472 F. Supp. 2d at 1195.  Further, the same Los Angeles-

18   based counsel representing Modavox in the instant action is also actively involved in the pending

19   S.D.N.Y. Action.  In fact, the same Los Angeles-based counsel argued on behalf of Modavox in

20   the S.D.N.Y. Action's *Markman* hearing in February 2009.  (*See* Gupta Decl. Ex. L.)

21   Accordingly, the Court finds that Modavox would not be substantially inconvenienced by

22   litigating the instant action in the S.D.N.Y., while the S.D.N.Y. is a significantly more convenient

23   forum for Defendants.  Therefore, the convenience of the parties weighs in favor of transfer.

24   C.   Convenience of the Witnesses

25   "[T]he moving party must demonstrate, through affidavits or declarations containing

26   admissible evidence, who the key witnesses will be and what their testimony will generally

27   include." *Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1119 (C.D. Cal. 1998) (citing

28   *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).  "In balancing

1   the convenience of witnesses, courts must consider not only the number of witnesses, but also

2   the nature and quality of their testimony." *Catch Curve*, 2006 U.S. Dist. LEXIS 96379, at *7. "The

3   convenience of non-party witnesses is a more important factor than the convenience of party

4   witnesses," and in a patent case, "the inventors are likely to be key non-party witnesses." *Id.*

5   (internal citation omitted).   The convenience of expert witnesses carries "little or no weight."

6   *Costco Wholesale Corp.,* 472 F. Supp. 2d at 1195 (internal citations omitted).   In addition, the

7   convenience of witnesses who are also employees of a party is entitled to less weight, because

8   a party "can compel the testimony of its employees at trial" *Id.* at 1193 (citing *Boutte v. Cenac*

9   *Towing, Inc.*, 346 F. Supp. 2d 922, 933 (S.D. Tex. 2004)).

10      Here, the inventors of the '636 and '691 Patents both reside in Arizona.  (*See* '636 Patent;

11   '691 Patent; Defs.' Mem. P. & A. 3.)  Modavox does not claim that traveling to the S.D.N.Y. would

12   significantly inconvenience the inventors, but instead claims it is more convenient to litigate in

13   California because all of its officers and employees are located in Arizona.  (*See* Pl.'s Opp'n 7.)

14   However, because the parties can compel their employees to testify as non-party witnesses, their

15   inconvenience is not weighed heavily.  *See Costco Wholesale Corp.*, 472 F. Supp. 2d at 1193.

16   Further, given the location of the parties, potential non-party witnesses are not likely to reside in

17   California, and it is likely that a majority of them reside in New York.  In addition, Modavox has not

18   demonstrated who its key witnesses will be and what their testimony will include, so as to allow

19   the Court to analyze the nature and quality of their testimony. *See*, 58 F. Supp. 2d at 111; *Catch*

20   *Curve*, 2006 U.S. Dist. LEXIS 96379, at *7.  Because none of the witnesses reside in California,

21   a large number of witnesses presumably resides in New York, and Modavox has not presented

22   the Court with information to enable it to determine whether key witnesses would be

23   inconvenienced by litigating in the S.D.N.Y., the convenience of the witnesses weighs in favor of

24   transfer.

25          D.      Interests of Justice

26      The interests of justice factors are considered on an "individualized, case-by-case

27   consideration of convenience and fairness."  *Jones*, 211 F.3d at 498.

28              1.      State Most Familiar with Governing Law

6

1    Patent and trademark infringement cases are frequently filed in the Central District of

2    California as well as the S.D.N.Y. and therefore, both venues are very familiar with the governing

3    laws in this matter.  *See Fifth Generation Computer Corp. v. Int'l Bus. Mach. Corp.*, No. 9:08-205,

4    2009 WL 398783, at *6 (E.D. Tex. Feb. 17, 2009) ("There is no doubt that any court in New York

5    to which this case is assigned will be well able to deal with issues of federal patent law.")  Further,

6    because of the S.D.N.Y. Action, the S.D.N.Y. is already familiar with the technical issues of the

7    patents involved in this case.  (*See* Gupta Decl. Ex. L; Gupta Reply Decl. Ex. A.)  In fact, the

8    S.D.N.Y. has already issued the Markman Claim Construction Rulings as to the '691 Patent and

9    '636 Patent.  (*See* Gupta Reply Decl. Ex. A.)  Accordingly, this factor weighs in favor of transfer.

10                    2.    Plaintiff's Choice of Forum

11   Although courts generally accord a plaintiff's choice of forum substantial weight, it "is not

12   the final word."  *See Pac. Car & Foundry Co.*, 403 F.2d at 954.  "The plaintiff's choice [of forum]

13   is given less weight where the plaintiff is a nonresident or the chosen forum lacks any significant

14   contact with the activities giving rise to the litigation."  *Catch Curve*, 2006 U.S. Dist. LEXIS 96379,

15   at *5 (internal citation omitted).  "If the operative facts have not occurred within the forum of

16   original selection and that forum has no particular interest in the parties or the subject matter, the

17   plaintiff's choice is entitled to only minimal consideration."  *Pac. Car & Foundry Co.*, 403 F.2d at

18   954 (internal citations omitted).

19   Neither Modavox nor Defendants are residents of or incorporated in California.  (*See* Gupta

20   Decl. ¶¶ 4-5; FAC ¶¶ 2-5.)  Thus, the Central District of California does not have any connection

21   or particular interest in the parties.  While Modavox alleges that "Defendants engage in business

22   dealings in this district, by providing interactive websites within this district and/or soliciting sales,

23   contributions and memberships in this district" (FAC ¶ 9), it does not appear that any of the

24   operative facts giving rise to this litigation occurred here.  Because Modavox "does not reside in

25   this District and has little connection to it, his choice of this forum is entitled to only minimal

26   weight."  *Hernandez v. United States*, No. 07-0551, 2009 U.S. Dist. LEXIS 24452, at *15-16 (N.D.

27   Cal. Mar. 13, 2009).  Therefore, this factor weighs in favor of transfer.

28                    3.    Parties' Respective Contacts with the Forum

Neither Modavox nor Defendants are residents of California.  (*See* Gupta Decl. ¶¶ 4-5; FAC. ¶¶ 2-5.)  The parties' principal place of business and headquarters are not located in California.  (*See* Gupta Decl. ¶¶ 4-5; FAC. ¶¶ 2-5.) Collectively, the parties have greater contacts with the S.D.N.Y. than with this district.  Thus, this factor weighs in favor of transfer.

### 4.   Contacts Relating to the Plaintiff's Cause of Action in Chosen Forum

Modavox does not allege that there are any contacts in the Central District of California that relate to its causes of action against Defendants.  The closest contacts are the inventors of the patents at-issue, who reside in Arizona.  (*See* '636 Patent; '691 Patent; Defs.' Mem. P. & A. 3.) Modavox's offices as well as its officers and employees are all located in Arizona.  (*See* Opp'n 7:16-17.)  While AOL and Time Warner maintain offices in the Central District of California, these offices have no significant relationship to Modavox's causes of action.  (*See* Gupta Decl. ¶ 4.) Therefore, this factor weighs in favor of transfer.

### 5.   Differences in Cost of Litigation in the Two Forums

"[L]ogic and experience dictate that litigating two cases in the same forum, whether or not they are ultimately consolidated, will generally entail less expense than litigating two separate cases in widely separated forums."  *Sorensen v. Phillips Plastics Corp.*, No. 08-03094, 2008 U.S. Dist. LEXIS 81710, at *13 (N.D. Cal. Oct. 9, 2008).  Here, Modavox's pending S.D.N.Y. Action involves the same patents as the instant action, against a subsidiary of Defendants.  In addition, the same Los Angeles-based counsel is already representing Modavox in the S.D.N.Y. Action. Moreover, because all parties are corporations or limited liability companies, the difference in the parties' financial situations is not so extreme as to warrant denying transfer on this basis.  *See Celestial Mechanix, Inc. v. Susquehanna Radio Corp.*, No. 03-5834, 2005 WL 4715213, at *10 (C.D. Cal. Apr. 28, 2005) (court found this factor significant where parties were a large and profitable corporation against a small "Mom and Pop" shop.  Finally, neither Modavox nor Defendants are residents of California, while Defendants are residents of New York.  Because Modavox already has litigation pending in the S.D.N.Y. concerning the same patents as this action, against a subsidiary of Defendants, litigating both actions in the same forum will be more

1    cost-efficient than litigating them 3,000 miles apart.  *See Sorensen*, 2008 U.S. Dist. LEXIS 81710,

2    at *13.  Accordingly, this factor weighs in favor of transfer.

3              6.    Availability of Compulsory Process to Compel Attendance of Unwilling Non-

4                    Party Witnesses

5         "A party can compel the testimony of its employees at trial" for non-party witness purposes.

6    *Costco Wholesale Corp.*, 472 F. Supp. 2d at 1193 (internal citations omitted).  Modavox states that

7    the only non-party witnesses it anticipates calling in this action are former employees and expert

8    witnesses, "all of whom will appear voluntarily."  (Pl.'s Opp'n 10.)  Thus, this factor is neutral.

9

10

11             7.    Ease of Access to the Sources of Proof

12        Modavox has not cited any significant evidence or witnesses located in California.  In fact,

13   the location of relevant documents as to Defendants are likely located in their New York

14   headquarters.  Further, because the patents relate to the "methods and systems for adding

15   function to Web pages that are accessible through the Internet" ('691 Patent col.1 l.5-10), "the

16   location of relevance documents may be of less significant in light of modern copying and

17   reproduction technologies."  *In re Yahoo! Inc.*, 2008 U.S. Dist. LEXIS 20605, at *27 (internal

18   citation omitted).  Thus, this factor weighs slightly in favor of transfer.

19        E.    Judicial Economy

20        "To permit a situation in which two cases involving precisely the same issues are

21   simultaneously pending in different District Courts leads to the wastefulness of time, energy and

22   money that § 1404 (a) was designed to prevent."  *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19,

23   26 (1960).  Further, having a single court try issues related to the same patents and technology

24   allows for the consistent interpretation of the patents and minimizes the possibility of inconsistent

25   judgments.  *See SAES Getters S.p.A.*, 219 F. Supp. 2d at 1092 (finding that "it will be important

26   for the consistent interpretation of these two similar patents to have one court, rather than two,

27   interpret them"); *see also Sorensen*, 2008 U.S. Dist. LEXIS 81710, at *13-14 (finding that an action

28   involving two of the same parties and the same patent as an action currently pending in another

1  venue strongly weighs in favor of transfer).  Finally, judicial economy favors avoiding duplicative

2  litigation.  *See Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, No. 08-02973, 2008 WL 4279704, at

3  *3 (N.D. Cal. Sept. 16, 2008) (finding that where the parties have previously litigated a nearly

4  identical claim, the public interest in avoiding duplicative litigation weighs strongly in favor of

5  transfer to the district court in which it was first litigated).

6          Here, the S.D.N.Y. Action involves the same patents and similar technology against a

7  subsidiary of Defendants.  Further, in February 2009, the S.D.N.Y. Court held a *Markman* hearing

8  on the parties' proposed claim constructions as to the '691 Patent and '636 Patent, and issued its

9  Construction Rulings in March 2009.  (*See* Gupta Decl. ¶ 18, Exs. E, L; Gupta Reply Decl. Ex. A.)

10  Therefore, transferring this action would greatly serve judicial economy by avoiding duplicative

11  proceedings, reducing unnecessary expenses, and promoting consistent interpretation of patents

12  and consistent judgments.  Thus, judicial economy heavily favors transfer.

13          F.     Balancing

14          On balance, the relevant § 1404(a) factors strongly favor transferring the action to the

15  S.D.N.Y.

16  III.    RULING

17          For the foregoing reasons, the Court GRANTS Defendants' Motion to Transfer Action to

18  U.S. District Court for Southern District of New York.

19

20          IT IS SO ORDERED.

21

22          April 14, 2009

23                                                    _____

24                                                              S. JAMES OTERO
                                                          UNITED STATES DISTRICT JUDGE
25

26

27

28